IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:05-cv-00192-DRB |
| vs. ) | [wo] |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Denied administratively on his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Nathaniel Dunn ("Dunn") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be reversed and remanded for further administrative proceedings.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

(11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Dunn, age 49 at the time of the hearing, has a twelfth grade education. Dunn has not engaged in substantial gainful work activity since the alleged onset date of disability. Neck, head, back and leg pains caused him to stop working at a car dealership in March 2001 after an on-the-job injury. The ALJ determined that Dunn has the following severe impairments: *osteoarthritis, hypertension, left L4-L5 and S1 radiculopathy, and arthralgias/myalgias*. He concluded, however, that

Dunn's severe and not severe impairments, considered singularly and in combination do not meet or meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix. The ALJ deemed "not credible" Dunn's allegations of pain and functional limitations and determined that he retained the residual functional capacity ("RFC") to perform his past relevant work. Accordingly, the ALJ concluded that Dunn is not disabled.[1]

### III.   ISSUES

Dunn specifies three issues for this judicial review:

1. Whether the Commissioner erred by failing to accord substantial weight to the opinion of the plaintiff's treating physician.

2. Whether the Commissioner erred by according great weight to the opinions of the physical therapy evaluation in Exhibit 2F, which is an unsigned report.

3. Whether the Commissioner erred by failing to provide a function by function rationale as required by the regulations to support his findings that the claimant has the residual functional capacity for light work.[2]

### IV.   DISCUSSION

Remand is necessary because the ALJ neglected to provide the requisite narrative to explain his explicit reasons for rejecting treating physicians' clearly articulated opinions of Dunn's disabling pain and functional limitations. Discussion is limited accordingly.[3]

---

[1] R. 22-23. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] Plaintiff's Brief ("*Pl.'s Br.*") at 1 (Doc. 8, filed July 12, 2005).

[3] Solely for the sake of guidance in post-remand evaluations, the court notes Dunn's lack of case law, statutory, or regulatory support for his contention that the ALJ cannot consider the functional capacity evaluation by his physical therapist, Rehab Associates, because it is an unsigned

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *Phillips v. Barnhart,* 357 F. 3d 1232, 1241(11th Cir. 2004); *Lewis v.* Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997).  Good cause exists if the opinion is not bolstered by the evidence, the  evidence supports a contrary finding; or the opinion is conclusory or inconsistent with  the physician's own medical records. *Phillips*, 357 F. 3d  at 1241-42. The ALJ must give "explicit and adequate reasons for rejecting the opinion of a treating physician." *Elam v. Railroad Retirement Board*, 921 F. 2d 1210, 1215 (11th Cir. 1991).

Challenging the ALJ's determination of his retained RFC for past relevant work, Dunn disputes any articulated "good cause" for discrediting the contrary assessment of his treating physicians, Drs. Barnes and Jindal.[4]   The ALJ did summarize, as follows,  the limitations specified by Dr. Barnes  in *a  Clinical Assessment of Pain* form completed for Dunn:

> On August 12, 2002, Stanley Barnes, M.D. opined the claimant to be 100 percent disabled.[5]  On September 29, 2003, Dr. Barnes assessed the claimant to have pain to

---

report from an "other source."  *See Pl.'s Br.* at 10-11. In formulating Dunn's RFC, the ALJ is permitted and required, to consider all of the relevant evidence in the record, including evidence from "other sources."  *See* 20 C.F.R. §404.1545(a)(3); *see also* SSR 96-8p.

[4]Because  remand is warranted for discussion of Dr. Barnes' relevant opinions,  the ALJ's re-evaluation of Dunn's RFC necessarily requires reconsideration of all pertinent  evidence, including opinions by Dr. Jindal.  Thus, the court declines to decide if the ALJ specified good cause for rejecting Dr. Jindal's opinion. It bears emphasis, however, that the ALJ is not obliged to adopt, in full or in part, opinions on disabling limitations or pain rendered by a treating physician.  *See Pl.'s Br.* at 9-10;  *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997) ( Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite impairments);  *see also* SSR 96-5p.

[5]Dunn fell backward and struck his head at his workplace  on March 16, 2001. He presented to Dr. Barnes' office  for an initial examination, by Dr. Stephen M. West on May 14, 2002, for injuries in  "neck, back, and lower back and mid-back, shoulders, pain, and numbness in left leg and left arm." ( R. 18, 147).  Following another examination by Dr. West on June 11, 2002, Dr. Barnes examined Dunn himself in 2002 on June 14, July 10, and August 12, when he recorded "office notes"

4

the extent that it is distracting to adequate performance of daily activities or work; that physical activity increases pain to the degree that it causes distraction from task or total abandonment of task; that the pain and or drug side effects experienced by the claimant can be expected to be severe and to limit effectiveness due to distraction, inattention, and drowsiness; and that treatments have had no appreciable effect or have only briefly altered the level of pain the claimant experiences.[6]

The entirety of the ALJ's discussion regarding this opinion by Dr. Barnes of Dunn's disabling pain consists of two sentences: "I reject Dr. Barnes' opinion that the claimant is disabled. This is inconsistent with the evidence of record and in direct conflict with the FCE supplied by Rehab Associates to Dr. Barnes."[7] Immediately preceding these declarations are the ALJ's equally summary as follows:

> *S*: This gentleman comes in with the complaint of back pain and neck pain. He has a history of aches and pains that have been present now for quite some time.
> *REVIEW OF SYSTEMS*: Shows that he is applying for disability and all and has touched base with an attorney to see what avenues can be taken.
> *O*:   His chest is clear.  Heart has a regular rate and rhythm. Extremities show myalgias, arthralgias. He has aches and pains in the lumbosacral region.
> *A*:  1.  Low Back Pain   2.  Myalgias   3, Arthralgias
> P:  I gave him a prescription for Skelaxin tid and a refill #100. We will check him back in the next month or two and we'll see where to go from there.

(R.150).    Dunn's lawyers on "a claim for benefits under the Workers' Compensation law" transmitted to Dr. Barnes on August 5, 2002, a written request for his "opinion as to the degree of Mr. Dunn's current disability" based on "pertinent pages of the Workers' Compensation Board Medical Guidelines" enclosed. Dr. Barnes responded on August 12, 2002, by selecting this choice among the four proffered for percentage disability ratings:
> *"As a result of the accident of ths file, the claimant suffers from a total (100%) disability."*

Dr. Barnes did not mark a fifth notation: *"I feel this disability is of a permanent nature."* ( R.171).

[6]R. 19.

[7]R. 21.

5

statements of the weight he accords to other medical opinions in the record.[8]  The ALJ does not allege that or how Dr. Barnes' precisely stated opinions about Dunn's pain and functional limitations are contradicted by, or inconsistent with, any of the other opinions referenced.  Having scrutinized all of the medical evidence, the court cannot discern the inconsistency referenced and declines to engage in speculation on the ALJ's intent.

Nor does the ALJ explain otherwise his decision to accord subordinate weight – on the issue of Dunn's pain and functional limitations – to the opinion of a treating physician whose judgment on September 29, 2003, had been informed by office examinations and treatment commencing in 2002 on May 14, and continuing on June 11, June 14, July 10, August 12, October 7, October 30, November 11, and December 11; and continuing in 2003 on January 15, February 12, March 12, June 11, and August 29, 2003.[9]  By contrast, the record reflects (a) Dunn's physical therapy with Rehab Associates, on referral from Dr. Barnes, between April 24 and July 18, 2002;  (b) Dr. Jennings' one-time RFC assessment on May 12, 2003;  ( c ) Dr. Aguilar's one-time referral

---

[8]The ALJ references a total of five opinions:

> *I give great weight to the opinion of Rehab Associates regarding the claimant's functional abilities. . . .*
> *I accord significant weight to Dr. Jennings' assessment of the claimant's residual functional capacity. . . .*
> *I accord substantial weight to Dr. Aguilar's opinion of the claimant's functional abilities.. . . .*
> *I accord some weight to Dr. Gay's evaluation of the claimant's functional ability. . . .*
> *I do not accept Dr. Jindal's prescription dated July 17, 2002, which continued to restrict the claimant from work. . . .*

( R. 21).

[9]R. 147-152; 171-174.

examination on February 19, 2002; and ( d ) Dr. Gay's two evaluations in March and April, 2001.

After declaring his rejection of Dr. Barnes' opinion, the ALJ proceeds to discuss his rejection of Dunn's own testimony of disabling pain before moving directly to his assessment of Dunn's retained RFC.  Omitted altogether from the opinion is any narrative to provide this court with a clear understanding of the ALJ's specific  reasons for rejecting altogether –  as inconsistent with the evidence or for any unstated reason –  treating physician Barnes' clinical assessment of Dunn's disabling pain and functional limitations.  Because the ALJ found Dunn's allegations of disabling pain not credible, he is bound  to articulate precisely his reasons for  ignoring the treating physician's contrary opinion and to buttress his own finding with substantial evidence.  The ALJ's determination of Dunn's  RFC did not incorporate, attempt to discredit or otherwise reconcile, all of Dr. Barnes' expressed opinions.[10]  Remand is thus dictated.[11]

---

[10] *See* SSR 96-8p ( "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion...The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved....The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.");  *SSR 96-5p* ("Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions.");  *Cook v. Barnhart*, 347 F. Supp. 2d 1125, 1132 (M.D. Ala. 2004) ("The ALJ is required to explain his findings explicitly not just for the claimant's benefit. Clear and specific findings are also the *sine qua non* of effective review of this court.")

[11] S*ee  Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-6 (11th Cir. 1991)( reversal mandated by Commissioner's failure to provide sufficient reasoning to assess propriety of the  legal analysis); *Austin v. Barnhart*, No. 3:04-cv-01133-DRB, *Mem. Op.* at 4-6 (M.D. Ala. Jan. 27, 2006); *Murkerson v. Barnhart*, No. 1:04-cv-754-B, *Mem. Op.* at 9-11 (M.D. Ala. Dec. 16, 2005); *Johnson v. Barnhart*, No. 1:04-cv-00285-DRB, *Mem. Op.* at 9-14 (M.D. Ala. July 26, 2005).

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is not supported by substantial evidence.  It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED** and this cause is **REMANDED** to the Commissioner, pursuant to *sentence four* of 42 U.S.C. §405(g) for further proceedings.

A separate judgment is entered herewith.

Done this 19th  day of May, 2006.

>               /s/ **Delores R. Boyd**
>               DELORES R. BOYD
>               UNITED STATES MAGISTRATE JUDGE